UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 19-cr-0163 (WMW/LIB) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Nicholas Ronald Wynn, | |
| Defendant. | |

---

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture. (Dkt. 119.) The Court finds that the property at issue is subject to forfeiture, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offenses of which Defendant Nicholas Ronald Wynn has been found guilty.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's motion for a preliminary order of forfeiture, (Dkt. 119), is **GRANTED**.

2. Defendant Nicholas Ronald Wynn shall forfeit to the United States the following property (the Property):

   a. Dead Air Silencers Ghost fixed mount and Ghost Piston;
   b. Box containing gun parts;
   c. Trigger/magazine port;
   d. Gun parts;
   e. Ten (10) rounds of Winchester .308 ammunition;

      f. Twenty (20) rounds of .300 AAC Blackout ammunition;
      g. Fifty (50) rounds of .38 special ammunition;
      h. Four (4) plastic containers of tool kits, carbine stock, AR 15 lower, AR 15 jig, red dot sighting system, handgun holster, AR 15 stock, trophy brand scope, oppressor, gun parts, polymer80.com Jig, modular buttstock assembly;
      i. Thirty-four (34) rounds of Winchester 9mm ammunition; and
      j. Eight (8) magazines, scope mount, bi-pod, 2 handgun barrels, various grips, charging handle, 2 handgun slides, gun parts;
      k. Two (2) heavy armor ballistic vest plates;
      l. One (1) black ballistic level III Delta helmet;
      m. One (1) black ballistic face shield;
      n. One (1) Security Pro black level IIIA ballistic vest.
      o. a Taurus Model PT111 G2 9mm semiautomatic handgun, with an obliterated serial number;
      p. a 9mm semiautomatic handgun built using a Polymer 80 PF940C frame;
      q. a Taurus .38 Special handgun, with an obliterated serial number;
      r. a Harrington & Richardson Arms .22 rimfire handgun;
      s. a M-10 .308 caliber semiautomatic rifle;
      t. Three (3) boxes of rifle ammunition;
      u. Three (3) boxes of .22 ammunition; and
      v. Three (3) magazines with 9mm, .308, and .22 caliber ammunition.

3. The United States Attorney General or an authorized designee may seize and maintain custody and control of the Property pending the entry of a Final Order of Forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the Property in such manner as the Attorney General may direct.

5. This Order shall become final at the time of sentencing, made part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. Following the Court's disposition of any petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee.

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary. Fed. R. Crim. P. 32.2(e).

Dated: March 24, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge